## NATHANIEL JOHNSTON *vs.* JAMES WILSON AND TIMOTHY GOULD.

The election of a person to an office constitutes the essence of his appointment ; but the office cannot be considered as actually filled, till his acceptance either express or implied.

When once filled, the office, till the term of it expires, cannot be deemed vacant except by the death, resignation, or removal of the incumbent.

The selectmen of a town cannot fill a vacancy in the office of collector, unless the town itself, on previous application, has refused to fill it.

If the selectmen, without previous application and refusal, proceed to appoint a person to fill such vacancy, their doings are void ; and it is doubtful, whether a subsequent vote of the town to ratify them has any avail. If it has, it must operate only as a new appointment by the town ; and the collector after such vote, must take the oath of office.

When he neglects to take it, and proceeds to distrain for taxes, he cannot justify his doings as an officer.

Had the statute only imposed a penalty for such neglect, perhaps he as well as third persons under him might justify ; but as it here provides, that no new collector can act till sworn, it is doubtful, whether any person can justify under him.

Evidence of various acts by a person in a particular office are *prima facie* evidence of his due appointment and induction into that office ; but they are only *prima facie* evidence, and may be rebutted.

Such acts, however, may be conclusive evidence of his due appointment as against himself and as against those, who, in these acts, have recognized his official authority.

THIS was trover for two horses and a sleigh.

The defendant, *Wilson*, justified the taking as a collector of taxes in the year 1817, for the town of Hillsborough ; and the defendant, *Gould*, joined in the justification as an assistant of *Wilson*.

The cause was tried here at April term, A. D. 1819, on a traverse to the justifications ; when it appeared in evidence, that the plaintiff, at the annual March meeting in Hillsborough, for A. D. 1817, was appointed collector for the town, and there signified his acceptance of the appointment, but did not take the oath of office. Nothing farther was done upon the subject till the ensuing May, when the tax list was presented to *Johnston* for collection. He then declined receiving it, unless the selectmen would give him an indemnity for the non-resident taxes, it being then so late as to endanger the legal recovery of them.

This indemnity they refused to give, and, under an impression, that the conduct of *Johnston* amounted to either a non-acceptance or a resignation of the office, they proceeded the next day to appoint another collector.

They did this without calling a town meeting, and without any further consultation with the plaintiff, and selected

Johnston
*vs.*
Wilson et al.

for the office one of their own number, the defendant, *Wilson*. They immediately administered to him the oath of office, and he commenced the collection of the taxes. But some doubts having arisen concerning the legality of his appointment, the town, at a meeting in November, A. D. 1817, for other purposes, passed a vote to ratify the doings of the selectmen in respect to his appointment. No new warrant, however, was given to him, and no new oath administered; and in April, A. D. 1818, he seized and sold the property mentioned in the writ, as a distress for the payment of the plaintiff's town, county, and state taxes, for the year 1817.

On this evidence a verdict was taken for the value of the property sold, after deducting the amount of the plaintiff's taxes; and it was agreed, that judgment should be entered or a new trial granted, according to the opinion of the court, after further consultation.

*J. Harris* and *J. Smith*, counsel for the plaintiff.

*Burnham, Parker*, and *Lawrence*, for the defendants.

WOODBURY, J. delivered the opinion of the court.

On general principles, the choice of a person to fill an office constitutes the essence of his appointment.(1)

After the choice, if there be a commission, an oath of office, or any ceremony of inauguration, these are forms only, which may or may not be necessary to the validity of any acts under the appointment, according as usage and positive statute may or may not render them indispensable.

But in no case can the office itself be considered as filled till an acceptance of the appointment by the person chosen. That acceptance, however, need not be signified in express terms. It is often implied from previous conduct as well as a subsequent receipt of a commission, taking the oath of office, or discharging some of its duties.

It must be obvious, also, that when once accepted, no vacancy can be said to exist in the office, till the term of service expire, or till the death, removal, or resignation of the person appointed. The exceptions to these general

(1) 1 Cranch 138, Marbury vs. Madison.— 1 Mod. 122, Craig vs. Norfolk.

Johnston
*vs.*
Wilson et al.

principles are not numerous, and need not be considered in the examination of the present case.

It is admitted, that the plaintiff was duly appointed collector for the town of Hillsborough, for the year, A. D. 1817. He expressly signified his acceptance of the appointment; and consequently, unless he afterwards resigned the trust, there is no evidence of a vacancy in any other way, which either the selectmen or the town could legally fill by a new appointment.(1)

(1) 1 N. H. Laws 242.

We say "resigned"; though it makes no difference in the argument or the case, whether the subsequent conduct of *Johnston*, after his express acceptance, be called a non-acceptance of the office, (because he had not yet been sworn into it,) or a resignation of the office. For if it amounted to either, there would then exist a vacancy. It may be taken for granted, also, that his subsequent conduct did amount to a virtual non-acceptance or resignation of the office.* The very next day after this conduct, the selectmen proceeded to appoint the defendant as a general collector in his place; and the first question, which arises on this appointment, respects the authority of the selectmen to make it.

Our statute of February 8th, 1791, provides, " that if any " town or place shall neglect or refuse to choose a collector " or collectors, or shall refuse to fill up a vacancy in case " the office be vacant, &c., in every such case the selectmen " of such town or place shall and may make such choice or " fill up such vacancy," &c. ;(2) " the person so appointed " by the selectmen shall have all the power and authority " as far as relates to collecting state and county taxes," &c.

(2) 1 N. H. Laws 242.

This vacancy had existed but a single day, and no town-meeting had been called to fill it. It would be altogether unreasonable, therefore, to hold, that the town had either neglected or refused to fill it; and it is only in such an event, that the selectmen are empowered to make any appointment whatever. And in no event whatever can the collector, appointed by them, distrain for the *town* taxes, which

---

* 1 Greenleaf's Rep. 248, Morrell vs. Sylvester.

constituted a considerable portion of the cause of the distress in the present action.

We are inclined to think, also, that these doings of the selectmen could not afterwards be confirmed or ratified by the town ; because they were in every respect *coram non judice* and void. *Bac. Ab. " Void."—Com. Di. " Confirmation." D.* 1.—10 *Coke* 76, *b.*—3 *Inst.* 231.

But for the protection of the defendants, who probably apprehended they were acting in conformity to law, and who would not be protected in collecting the *town* taxes under an appointment from the selectmen, even if that appointment were originally valid, or could afterwards be made valid by the approbation of the town ; we should be inclined, were it possible, to consider the vote of the town in November as a new appointment by the town itself. In this view of the case, however, various difficulties arise, which seem insuperable.

We do not understand, that there was any article in the warning of the meeting in November, which would authorize the town to make such an appointment. No new warrant appears to have issued to the collector, and it is admitted, that he was not, under this appointment, sworn into office.(1)

It is not impossible that, upon a new trial, all these objections, except the last, might be obviated by evidence now overlooked ; but as the last one rests upon an admitted fact, it must be fatal to the defendants, if under our statute the acts of a collector are invalid, unless he has taken the oath of office.

We have heretofore remarked, that the oath of office, among other forms, is indispensable, or not to the validity of official acts, according to usage and positive statute.

Much confusion appears to exist in the books from a neglect to distinguish between the *evidence*, that the oath was administered or some qualification possessed by the officer, and the *necessity* that it should be administered or the qualification be possessed ; and also between that necessity, where the omission to take the oath and the want of the

(1) 3 Barn. & Ald. 260, The King vs. Ferrand.

Johnston
*vs.*
Wilson et al.

qualification are punishable by a mere penalty or not at all, and where they are expressly declared to disqualify the officer to act. Thus, when a person has distinctly admitted or recognized the official capacity of another, he cannot, afterwards, offer *evidence* against the validity of his appointment. 3 *D. & E.* 35.—1 *Phil. Ev.* 170, 171.—1 *Barn. & Ald.* 677, 679, *Dickson vs. Coward, semb.*

So, where a person has acted in an official capacity, he himself cannot afterwards offer *evidence* against the validity of his own appointment.(1)

(1) 5 D. & E. 623.—3 ditto 635, note.— 4 Bos. & Pull. 210.

So, where a person has performed various official acts in any public office, they are, both for himself and for others interested, *prima facie evidence* of his due appointment to the office. 4 *D. & E.* 366.—3 *John.* 431.—2 *Gallison* 15.—1 *N. H. Rep.* 268.—2 *Camp. N. P.* 131.

But they are only *prima facie* evidence; and, if practicable, may be rebutted by counter evidence of any irregularity in the appointment. 2 *Bl. Rep.* 1135, *Hill vs. Burnet et al.*—3 *Camp. N. P.* 432, *Rex vs. Verlash.*

Where an omission to take the oath of office, the want of some qualification, or any irregularity in the appointment are proved by competent testimony, then and not till then, the question arises concerning their necessity or importance. And it seems to be well settled, that when the irregularity, whatever it may be, is not punishable at all, or only by a penalty, the acts of the officer are still " valid in respect to third persons, who may be interested in such acts."(2) They

(2) 7 John. 554.–10 Mass. Rep. 301.
(3) 1 Hawk. P. C. 17, B. 1, Ch. 8.

are valid, also, in respect to the public, so that justice may not fail;(3) and, for aught we perceive, the officer himself may be protected under them. 1 *N. H. Rep.* 268, *Jones vs. Gibson, semb.*—2 *Maul. & Selw.* 141, *Rex vs. Williams.*—3 *Barn. & Ald.* 266, *Margate Pier Comp. vs. Hannam.*

On the contrary, where the irregularity is by statute expressly made to invalidate the acts of the officer, or where such is the necessary construction, considering the nature of the office and of the irregularity, the officer himself cannot justify those acts in his official capacity. 5 *Mod.* 317.

—12 *ditto* 601.—*Com. Di. " Officer," H. 7.—Bac. Di. " Offi-*
*" cer," E.*

Most of the cases reported relate to the rights of third
persons under the acts of such officers; and when their acts
are not declared void by express statute, it was often held
before the annual acts of indemnity, (which, for many years,
have been passed in favor of such officers,) that even third
persons could not be protected under them. *Cruise Di. Title*
*" Officer."*—10 *Mod.* 388, *Kilton vs. Fogg.*—2 *ditto* 194, *Ips-*
*ley vs. Tuck.*—2 *Levinz.* 184.—2 *Bl. Rep.* 1135.

But this last doctrine was strongly resisted;(1) though,
without the acts of indemnity, we are inclined to think, that
even now nobody could be permitted to justify under such
officers, when they belong to corporations, whatever may be
the rule, when they are officers of the government. 2 *Maul.*
*& Selw.* 141.—3 *Barn. & Ald.* 266.—3 *Camp. N. P.* 432.

(1) 2 Levinz. 242.—1 Hawk. 17.—Bac. At. " Officer."

Many cases and many remarks appear in the books which
cannot be classed, because they speak of *de facto* officers,
without stating either the nature of the irregularity, or the
language of the statutes concerning it. 9 *John.* 135.—9 *Mass.*
*Rep.* 231.—15 *do.* 170, 171, 180.—6 *Binney* 88.—*Cro. Eliz.*
699.—*Cro. Ja.* 552, 554.

In the present action, the principal defendant is the officer
himself, who neglected to take the oath of office; he justifies
merely as an officer in a corporation; and we are inclined
to think, from a comparison of the different sections of the
statute on this subject, he is expressly forbidden to perform
any official act whatever until sworn.

By one statute, the form of the oath to all town officers is
prescribed.(2) By another it is directed, that " an oath"
shall be " administered unto them agreeably to the form
prescribed ;"(3) and they are, if present, to be notified " to
take the oath of office in open town meeting;"(4) and if not
present, they are forthwith to receive notice to take it, and
for a neglect are exposed not only to a fine, but seem to be
disabled to act until sworn.(5) Because the statute, in an-
other section, expressly declares, that these " officers shall
" continue in office the space of one year or until the next an-

(2) 1 N. H. Laws 112.

(3) 1 N. H. Laws 240.
(4) 1 N. H. Laws 241.

(5) 1 N. H Laws 241, 242.

Johnston
*vs.*
Wilson et al.

" nual meeting for the choice of town officers and *until* oth-
" ers be chosen and *sworn* in their room."

The clause as to filling vacancies follows the above sec-
tion and provides, that " such officer or officers so chosen
" and *sworn* shall have the same power and authority as
" though chosen at the annual meeting."

And the form of the oath anciently corresponded with
these clauses, by saying you will " perform the duties of the
" office until another be chosen and *sworn* in your stead."(1)

(1) Colonial
Charters 316,
428.

It is, therefore, manifest, that those town officers, once
chosen and sworn, are the only ones qualified to perform
official duties, until new ones are *sworn*, as well as chosen "in
their room." The town is thus never destitute of officers du-
ly qualified ; and it cannot be reasonable or necessary, that
while the offices are already filled by persons duly qualified,
others not duly qualified should be enabled to perform the
duties of them.

There seems to be an unusual solicitude evinced in the
statute concerning the oath of office ; and the practice in re-
spect to it has always been very strict. How far it may al-
ways have been conformable to principle, we do not under-
take to decide. But, in this case, where the defendant him-
self is the officer, and, if duly appointed in November, admits
expressly, that he has not since taken the oath of office, we
are satisfied he is not qualified to perform any official act un-
der that appointment.

With these views of the case, it seems to us proper, that
there should be entered

*Judgment on the verdict.*