## W. TWOMBLY *vs.* JOSEPH PINKHAM.

A person employed in the conveyance of the mail of the United States, is not exempted from doing duty in the militia, unless he has taken the oath prescribed by the laws of the United States, to be taken by persons thus employed.

THIS was a prosecution by *Twombly*, as clerk of a militia company in Dover, to recover of *Pinkham* a fine of $2, for neglecting to appear with the company, at a company training and inspection of arms, on the 6th May, 1823.

The cause was submitted to the decision of the court upon a statement of facts, in which all the facts, necessary to maintain the prosecution, were admitted, provided the respondent was liable to do military duty in said company. It was agreed, that, at the time the respondent was enrolled in the company, and ever afterwards, until after the said 6th May, 1823, he was the driver of a daily stage coach between the towns of Dover and Portsmouth, in which the mail of the United States was daily transported from Dover to Portsmouth, or from Portsmouth to Dover, and which said *Pinkham* received and delivered at the post offices in said towns ; and that said *Pinkham* was not qualified, as a mail carrier, by taking any oath for that purpose ; nor did he, or the proprietors of said stage, receive any compensation for the transportation of the mail, as aforesaid ; nor was it so transported under any special contract for that purpose, but by permission of the postmaster general, authorizing the postmasters in Dover and Portsmouth to deliver the mail to be so transported ; provided it could be done free of expense to the government.

*Freeman*, for the defendant.

The defendant contends in this case, 1st. That he was, at the time of the supposed delinquency, on which this prosecution is founded, absolutely exempted from military duty, by the 5th section of the act for forming, arranging, and regulating the militia, passed December 22, 1820 ; he being *a stage driver employed in the care and conveyance of the mail of the post office of the United States.*

This section of the militia law of New-Hampshire recites the 2d section of the law of the United States, for establishing a uniform militia throughout the United States, passed May 8, 1792, containing the same exemptions.

It is agreed in this case, that the defendant was, at the time of his enrolment in this militia company, and till after the supposed delinquency, the driver of a daily stage between the towns of Dover and Portsmouth, in which he carried the United States mail daily between the post offices in those towns ; that he regularly received the mail at the one and delivered it at the other.

It is presumed, that no question will be made as to the route, by which this mail was carried, being a mail or post road legally established ; if there should, I would beg leave to refer the court to the laws of the United States.

The defendant then comes expressly within the exemption of the statute, unless there is some circumstance in the case, which precludes him.

What then is this circumstance ? Surely not, that the proprietors of this stage undertook to carry the mail without pecuniary compensation ; their own convenience, or the convenience of their neighbors, or the expectation of a contract with the post master general, (which, in this case, has since been actually entered into) is sufficient consideration.

It is sufficient, that the defendant was *actually* so *employed* ; whether with, or without wages, or whether there was a special contract for that purpose, or not, cannot affect the question of fact.

The terms used in the militia law, applicable to this case, are as broad as could well be used, to exempt the defend-

ant ; "*all stage drivers, who are employed in the care and con-*
"*veyance of the mail,*" &c.

With what truth can it be said, that the defendant was not
so employed, when it is agreed in the case, that he actually
received the mail at the respective post offices in Ports-
mouth and Dover, and conveyed the same from one to the
other daily ?

To be employed in any business or concern, it is appre-
hended, means nothing more nor less than that the person is
actually doing that business, or attending to that concern ;
it matters not on what terms, whether for hire, or whether
he pays something for the privilege.

The plaintiff argues, that not having taken the oath pre-
scribed by the statute, establishing the post office of the
United States, he can claim no privilege, which that statute
gives him, as a person employed in the transportation of the
mail ; as that statute provides, that a certain oath or affirm-
ation shall be taken, before the party shall enter on the du-
ties assigned him, or receive any emolument therefor.

But it will be seen, that the same section of that statute
supposes, that a stage driver may be *employed* in the con-
veyance of the mail, without having taken such oath ; and
imposes on him all the liabilities, that he would be under if
sworn.

The plaintiff argues, that exemption from militia duty is
an emolument, which the statute expressly provides shall
not be received, without having first been qualified by being
sworn.  But it is apprehended, that this exemption cannot
be considered as an emolument ; it only gives to the mail-
carrier an exemption from another duty, which he would be
under obligation to perform, if he were not in the perform-
ance of this particular duty, which the law requires.  Where
then is the emolument or gain to the party ?  He, in fact,
loses the privilege of that instruction in military arts, which
our militia trainings are designed, and so eminently calcu-
lated to give, in consequence of his obligation to perform
another duty, which the law requires of him ; and *this is an*
*emolument ?*   It is an emolument like that, which the trades-

man gives to his apprentice, when he excuses him from the proper business of his art, or trade, while he is employed in more servile offices ; or like that, which the prisoner receives for restraint of his personal liberty, when he is excused on this account from military duty.

Such cases only need be stated, to show the absurdity of the position, that the thing, which makes it possible to do an act, or to perform a duty, is an emolument for the performance of the same duty or act.

But it is apprehended, that the defendant is under no necessity of resting his case on this point ; if he was in fact employed, or engaged in the conveyance of the mail, (and this the case finds,) he claims his exemption under the law, on which this prosecution is founded, and which is not dependant on the post office law of the United States for its construction.

It was gravely argued by the justice, who commenced this prosecution, that though the defendant was exempted by the law, he had not pursued the requisite steps to enable him to take advantage of such exemption ; and on that ground he decided the cause in favor of the plaintiff.

A sufficient answer to this argument is, that the defendant being absolutely exempted by the statute, none of the requisitions of the law are applicable to him.

The act, under which this prosecution is commenced, is entitled " an act for forming, arranging, and regulating the " militia." Now who are the militia ? The 4th section declares, who shall be liable to military duty, or, in other words, who shall be subject to the requisitions and provisions of that act, expressly " *excepting such as are thereinafter ab-* " *solutely excused.*" The 5th section declares, who are absolutely exempted from military duty, and consequently from every liability or duty, which the law imposes on those, who are subject to it. Being thus exempted, the defendant was not, at the time, liable to be enrolled, and consequently could not be held to make an excuse, as provided by the statute, any more than his wife or grandmother would be, had they been by a like mistake enrolled.

If the defendant was not liable to perform military duty, he surely has no need to render an excuse for neglecting it.

*J. Bartlett*, for the plaintiff.

The 2d section of the law of the U. S. regulating the Post-Office, requires, among other things, that all persons " employed in the care, custody, or conveyance of the mail, " shall, previous to entering on the duties assigned to them, " or the execution of their trusts, and before they shall be " entitled to receive any emolument therefor, take and sub- " scribe the following oath," &c.

Under this provision, whoever shall interfere in the transportation or conveyance of the mail, without taking the oath prescribed, is a wrong doer and is acting in direct violation of the law.

It cannot be to such that the privilege of exemption, claimed in this case, was intended to be given by the statute. The word *employed*, used in our statute, must mean those, who are properly and lawfully employed. It means something more than the word *occupied*; otherwise any person, who might have possession of the mail, however wrongfully, might claim the privileges of the statute. But it does not appear, that *Pinkham* was ever employed in the transportation of the mail, either rightfully or otherwise. The facts, in this case, are, that he was driver of a stage, in which the U. S. mail was transported from Dover to Portsmouth. But it does not follow, that he had any custody or charge of the mail ; and it is a well known fact, that a mail, from the country, is regularly transported from Dover to Portsmouth, in the same stage, together with the person having charge and custody of the same.

Another objection is, that it does not appear, that the mail carried by *Pinkham*, was a mail of the Post-Office of the U. S. agreeably to the provision of the statute. Although it is stated to be a mail of the U. S. ; yet if it was such a mail as could be transported, only in violation of the laws regulating the Post-Office, it cannot be called a mail of that office.

But what we consider conclusive, in this case, is the provision, that no person, employed in the transportation of the

mail, shall receive any emolument therefor, until they take the oath therein provided. Connecting the provision with the 33d section, in the same statute, exempting persons employed in the transportation of the mail from military fines, and from penalties for not serving on juries ; it cannot be doubted, that such an exemption is an emolument, which cannot be enjoyed by the defendant, in this case, without having complied with the provisions necessary therefor.

*By the court.* The statute of December 22, 1820, enacts, that " all post-officers and stage drivers, who are employed " in the care and conveyance of the mail of the post-office of " the United States," shall be absolutely exempted from military duty. *2 N. H. Laws 55.*

But it is contended, in this case, that the respondent was not entitled to exemption from military duty, because he had not taken the oath prescribed by the laws of the United States, to be taken by those employed in the conveyance of the mail. The statute of the United States, of April 30, 1810, *chap.* 54, *sec.* 2, enacts, " that the post-master general " and all other persons employed in the general post-office, " or in the care, custody, or conveyance of the mail, shall, " previous to the entering upon the duties assigned to them, " or the execution of their trusts, and before they shall be " entitled to receive any emolument therefor, respectively " take and subscribe the following oath," &c.

" Every person, who shall be in any manner employed in " the care, custody, conveyance, or management of the mail, " shall be subject to all pains, penalties, and forfeitures for " violating the injunctions, or neglecting the duties required " of him by the laws, relating to the establishment of the " post-office and post-roads ; whether such person have taken " the oath or affirmation, above prescribed, or not."

In general, in these cases, it depends upon the provisions of the statute, which prescribes that an oath shall be taken, whether the officer, who has not taken the oath, is entitled to act, or to receive the profits or enjoy the privileges of his office. *2 N. H. Rep. 202.*

Twombly
*vs.*
Pinkham.

The statute of the United States, which prescribes the oath to be taken by those, who are employed in the care, or carriage of the mail, in very express terms declares, that they shall take the oath, before they enter upon the duties, or become entitled to receive the emoluments, of their offices. The word emolument means profit or advantage, and may, in our opinion, comprehend an exemption from military duty. We are, therefore, of opinion, that a person employed in the conveyance of the mail, who has not taken the oath prescribed, is not exempted from military duty under our statute.

*Judgment for the plaintiff.*