## LITTLEFIELD vs. LELAND.

The hostler at a stage-tavern, though in the service of the mail contractors and regularly employed in changing the post horses on the great daily route, and occasionally driving the mail stage, is not within the act exempting "stage-drivers" from military duty.

THIS was a writ of error to a Justice of the peace, to reverse a judgment rendered in favor of the defendant in error, who was clerk of a militia company, against the now plaintiff in error who was enrolled therein as a private soldier, but refused to do military duty. He was in the employ of the mail contractors at *Saco*, to attend and change the horses conveying the mail, which passed through that place four times a day; and he occasionally drove the mail stage, in the sickness or absence of the regular driver; and also drove the gigs and extra stages in which the mail was sometimes conveyed, when the travelling was bad, or extra assistance was required.— These services occupied all his time. He was not sworn as a stage driver. And the question was whether he was a " stage driver," within the meaning of the militia acts, and as such exempted from military duty.

*J.* and *E. Shepley*, for the plaintiff in error.

*Leland, pro se.*

PARRIS J. delivered the opinion of the Court.

The second section of the United States' militia law exempts from the performance of military duty "all post-officers and stage-drivers, who are employed in the care and conveyance of the mail of the post office of the United States." Does the plaintiff in error come within either description? It is not pretended that he was a post-officer, for he had no employment in the post office in any capacity. Could he be considered a stage-driver employed in the care and conveyance of the mail? He was engaged by the contractors to attend at the stable and prepare the horses. This was

24

the general business for which he was hired, and to which his attention was principally directed. Although his services as a hostler might be as necessary to facilitate the progress of the mail as those of the driver, still they were of a different kind and did not constitute him a driver, and without that character, although he might improperly have the sole care and custody of the mail, he comes not within the class of exempts. If the hostler is to be exempted by construction because his services are necessary in the superintendance and care of the horses and carriages, why not the mechanics by whom the horses are shod and the carriages repaired, and by extending the principle include all who furnish any of the means of subsistence so essentially necessary to the conveyance of the mail.

The language must have a reasonable interpretation. It could never have been intended that every one who handed a mail from a stage coach to the post office, or who might happen to relieve a driver when sickness or accident prevented the performance of his trip, should thereby become a " stage driver," and claim exemption from military duty. If the law could be satisfied with such slight services, the result would probably be a very considerable diminution of the company rolls.

To answer the phraseology and spirit of the law, the general or stated employment of the person claiming the exemption must be to convey the mail; in which case, although the person so employed may be occasionally called to other services, still he will retain his general character, and fall within the exemption. The counsel for the plaintiff in error puts the case of one who drives and rests on alternate days, and asks if he is to be considered a stage driver. Undoubtedly he is, and so is he who statedly conveys the mail on a route where, by the regulations of the post master general, it is carried but once a week, notwithstanding it may require but one day to perform the route. But the man who is generally employed for other services, and not statedly as a driver, neither loses the character of his general employment, nor gains that of stage driver, by being called occasionally from his usual duties, to relieve a regular driver, who by sickness or accident may be unable to perform his appointed service.

There is nothing in this case which shews that the plaintiff was hired as a driver, but on the contrary for a different service; and the fact that he has not taken the oath by law required to be taken by all persons employed in the conveyance of the mail, is a strong circumstance indicating that neither he, nor the contractors by whom he was employed, considered conveying the mail as any part of his duty.

The defendant in error contends that even if *Littlefield* had been employed as a regular driver of the mail stage, yet inasmuch as he neglected to take the oaths which the law requires " before he shall be entitled to receive any emolument," he cannot avail himself of the exemption from military duty. From the view already taken of the case, and the nature of *Littlefield's* employment, it becomes unnecessary to consider this point. It has, however, been expressly decided in a neighboring state, that the exemption cannot be claimed unless the oath has been previously taken. *Twombly v. Pinkham*, 3 *N. H. Rep.* 370.

We are of opinion that there is no error in the record and proceedings before us; and the judgment is affirmed with costs.