## ATTORNEY-GENERAL *v.* MARSTON.

A collector of taxes of a previous year, who has not completed the collection of the taxes on his list nor been discharged from his liability to the town as collector, is within the prohibition of Gen. Laws, *c.* 40, *s.* 5, and disqualified to hold the office of selectman.

QUO WARRANTO, to determine the defendant's title to the office of selectman of Durham. The defendant having held the office of tax-collector of Durham in 1888 and 1889, and being re-elected at the annual meeting in March, 1890, took the official

oath, and served for the political year. For the present year no successor was elected, and T. W. Schoonmaker being appointed, was sworn, and is collector. At the annual meeting in March, 1891, the defendant was elected selectman, and being sworn, he is serving in that office. On the tax list of 1888 and 1889 there are uncollected taxes amounting to about $169, and on the lists of 1890 about $200. Since the last March meeting the other selectmen requested a list of these uncollected taxes, and he furnished it; and in an examination made of it by the board, he told his associates that he thought some of the taxes of 1890, amounting to $61.95, could not be collected, and would probably have to be abated. He has not resigned the office of collector unless his acceptance of the office of selectman is a resignation, and his liability in respect to the uncollected taxes of the three years has not been discharged or adjusted.

*J. G. Hall* and *J. Kivel*, for the plaintiff.

*Frink & Batchelder*, for the defendant.

CLARK, J. "Neither the treasurer nor the collector of taxes shall be a member of the board of selectmen." G. L., c. 40, s. 5. The duties of the offices of collector and selectman are in some respects conflicting. The collector is required to give a bond to the acceptance of the town or selectmen. G. L., c. 42, s. 4. The selectmen may remove a collector for certain causes. G. L., c. 42, s. 9. And in certain cases they have power to issue an extent against him. G. L., c. 66, s. 5. And it is the duty of the selectmen, acting in behalf of the town, to see that the collector faithfully performs his official duties, and in default to take measures to protect the interests of the town.

The defendant having been elected and having served as collector for the years 1888, 1889, and 1890, and still retaining his warrants and lists, upon which are uncollected taxes, is still collector for those years. "Every collector, in the collection of taxes committed to him to collect, and in the service of his warrant, shall have the powers vested in constables in the service of civil process, which shall continue until all the taxes in his list are collected." G. L., c. 58, s. 1.

The defendant's acceptance of the office of selectman did not relieve him from the office of collector. The acceptance of an office by one disqualified to hold it by reason of holding an incompatible office is not necessarily a resignation of the prior office, unless it is made so by special statutory or constitutional provision. Const., Part 2, *arts.* 94, 95. The defendant's resignation would not divest him of the office of collector unless it was accepted. General Laws, c. 42, s. 1, provides that in case any officer who has given an official bond shall resign, he and his sureties shall continue

liable upon his bond for all acts under color of his office until he shall resign, and his resignation shall have been accepted by the town, selectmen, or others competent to accept the same.

The defendant being a collector of taxes for the town of Durham when he was elected a selectman, was disqualified to hold the office, and his election gives him no title to it. *Cotton* v. *Phillips*, 56 N. H. 220, 223.

Having assumed the office of selectman under color of an election, Marston is an officer *de facto*, and his official acts are valid as to third persons.

*Judgment of ouster.*

DOE, C. J., did not sit: the others concurred.