(No. 33844.— <span></span>
J. W. Niebling, Appellee, *vs.* The Town of Moline *et al.*,
Appellants.

*Opinion filed January 19, 1956.*

OAKLEAF & CHURCHILL, of Moline, (CYRUS CHURCH-ILL, of counsel,) for appellants.

EDWARD J. TURNBAUGH, of Moline, for appellee.

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., WALTER E. LINDGREN, and WILLIAM C. WINES, of counsel,) *amicus curiae;* and STANLEY H. GUYER, of Rockford, for Town of Rockford, *amicus curiae.*

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The city court of Moline permanently enjoined the town of Moline and its supervisor from carrying out the provisions of Senate Bill No. 257 passed by the Sixty-ninth General Assembly, approved by the Governor and effective July 1, 1955. The complaint was filed by a taxpayer of the township who contended the bill as passed and approved was unconstitutional and that expenditure of large sums of money for the necessary election expenses in April of 1956 would be a waste of taxes and public funds. The town and its supervisor as *ex officio* treasurer of the town

fund have directly appealed to this court because the constitutionality of said bill is directly involved.

The act in question, as amended by said bill, is now section 1 of article XIII of the Township Organization Act and reads as follows:

"In each town the supervisor, town clerk and three other members to be elected at large from the town shall constitute a board of auditors. Each person shall cast but one vote and the supervisor shall be the chairman of the board. However, in towns organized under 'An Act to authorize county boards in counties under township organization, to organize certain territory situated therein as a town, and to provide for annexation of territory to and the disconnecting of territory from said town,' approved May 23, 1877, as amended, all the powers now and hereafter vested by law in the board of town auditors shall be exercised by the city council.

"The justices of the peace appointed by judges of courts of record in said county to serve on the board of auditors of the town shall continue to exercise all the powers and be subject to all of the duties of a member of the board of auditors until their succesors are elected and qualified." Ill. Rev. Stat. 1955, chap. 139, par. 117.

We are in agreement with plaintiff-appellee's contention that injunctive relief is properly sought in a case to prevent a wasteful expenditure of substantial public funds to prevent the holding of an election under an unconstitutional statute. We have upheld similar actions in *McAlpine* v. *Dimick,* 326 Ill. 240, and *Moran* v. *Bowley,* 347 Ill. 148.

We have examined the authorities concerning the administrative duties of justices of the peace on the board of town auditors and we have found nothing to the effect which would give to a justice of the peace in this State *ex officio* powers as a town auditor. For historical background as to administrative functions exercised by justices of the peace see *People ex rel. Browne* v. *Eastern Illinois*

*and St. Louis Railway Co.* 353 Ill. 40. We therefore see no merit to the arguments of plaintiff that because a justice of the peace is an elective constitutional officer his compensation can neither be increased nor diminished during his term of office. See *People ex rel. Ruesch* v. *Hire,* 406 Ill. 341.

A study of the bill in question compels us to agree with the opinion of the trial judge holding that the effect of this amendment is so inconsistent and unworkable that it leaves the town officers in confusion. Prior to July 1, 1955, the board of auditors was composed of the justices of the peace, town clerk and supervisor and no less than three could act as a board. In the event of absences the town collector or assessor or both could serve. If this bill is valid there is no present board in existence competent to act under prevailing township law.

Defendants in urging this court to uphold the validity of the bill in question ask us to regard the words "by judges of courts of record" as surplusage and meaningless. They contend that this court is authorized to do this under the rule of construction that meaningless words will be disregarded as surplusage where essential to carry out the basic legislative intent. They further state that the 1955 amendments are entirely clear, natural, orthodox and workable if the five words in question are disregarded as repugnant to the basic legislative intent. It is claimed that these words were inserted in the statute by inadvertence and have no rational connection with the manifest legislative intent and purpose of the bill. However, to carry out the suggestion of the defendants, we must treat as surplusage and meaningless not merely the six words "by judges of courts of record" but rather twenty words in the second paragraph of such legislation, namely "appointed by judges of courts of record in said county to serve on the board of auditors of the town."

In *Klein* v. *Department of Registration,* 412 Ill. 75,

two meaningless words were ignored by the court in construing the constitutional validity of the act. We are reluctant, however, to ignore almost one-half of the second paragraph of the act in question under the guise of construing the act. We believe that such procedure would amount to performing the legislative function of drafting legislation rather than the judicial function of statutory construction.

Plaintiff, however, points out that this court has no right to disregard plain and certain language employed in a legislative enactment. (*People ex rel. Roan* v. *Wilson,* 405 Ill. 122.) The constitutional separation of powers must be zealously guarded by this court and clear expressions of the legislature in its enactments will be so regarded unless the terms employed are so manifestly repugnant to the basic legislative policy and purpose sought to be effected that no reasonable person would question such repugnancy.

This court would have to disregard other clear expressions of the legislature concerning valid and effective township law to accept defendants' arguments. Since 1899 the township law of this State has made provision for the appointment of justices of the peace by the judges of courts of record of certain counties whenever any city in counties under township organization has five or more congressional townships or fractional parts thereof in said city. See sections 1, 2, and 3 of the act of 1899 to provide for consolidation of territory of certain cities into one township. Ill. Rev. Stat. 1955, chap. 139, pars. 141, 142, and 143.

In the instant case the legislature has said that the justices of peace "appointed by judges of courts of record in said county to serve on the board of auditors of the town" shall continue to act as members of the board of auditors until their successors are elected and qualified. This provision is not repugnant to any other statute and neither is it meaningless or absurd. It continues the membership of such justices of peace on the board of town auditors until

their successors are elected. The statute makes no provision for the justices of peace not so appointed to continue as members of said board.

The effect of this incomplete bill is apparent. If there is no present acting board of town auditors many necessary administrative functions of township government cannot be carried on. Accounts cannot properly be paid, tax levies would be void. A legislative act which is so vague, indefinite and uncertain that the courts are unable, by accepted rules of construction, to determine, with any reasonable degree of certainty, what the legislature intended, or which is so incomplete or conflicting and inconsistent in its provisions that it cannot be executed, will be declared to be inoperative and void. *Mayhew* v. *Nelson*, 346 Ill. 381.

For the foregoing reasons the decree of the city court of Moline is hereby affirmed.

*Decree affirmed.*