(No. 41908.—

DICK ALLEN et al., Appellants, vs. PAUL POWELL et al., Appellees.

*Opinion filed February 11, 1969.*

RICHARD MUDGE, JR., of Edwardsville, for appellants.

WILLIAM G. SCOTT, Attorney General, of Springfield and ROLAND W. GRIFFITH, JR., State's Attorney, of Edwardsville, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is a direct appeal from a final judgment of the circuit court of Madison County in favor of the defendants, Paul Powell, Secretary of State, and Eulalia Hotz, County Clerk of Madison County, against the plaintiff-taxpayers. A constitutional question gives us jurisdiction.

This case followed the election of Paul Simon, State Senator for the Fifty-Third District, to the office of Lieutenant Governor. On November 8, 1968, he wrote to the then Governor, Samuel H. Shapiro, submitting his resignation as Senator "to be effective at 11:59 A.M. on January 8, 1969." On November 12, 1968, the Governor issued writs of election to the defendants commanding them to cause a special primary election to be held on March 11, 1969, for the nomination of candidates to fill a vacancy for the Fifty-Third Senatorial District and a special general election on April 29, 1969, for the election of a senator to fill such vacancy.

Plaintiffs, as taxpayers and residents of the Fifty-Third Senatorial District, filed their complaint asserting that no vacancy occurred until January 8, 1969, that the Governor

was neither required nor empowered to call a primary election or general election and that the issuance of writs for such primary and general election was in violation of section 2 of article IV of the constitution. That section reads in pertinent part: "When vacancies occur in either house, the governor, or person executing the powers of governor, shall issue writs of election to fill such vacancies."

Plaintiffs sought an injunction enjoining the Secretary of State from accepting or filing nominating petitions or statements of candidacy on behalf of candidates for the office and restraining the county clerk from ordering election supplies or performing certain other acts in connection with the special primary election. An early setting and hearing was requested so that a permanent injunction might issue enjoining and restraining the defendant officers from conducting the special primary and general elections.

The trial court denied the temporary injunction on December 2, 1968, and set the cause for hearing on the merits. The foregoing undisputed facts were established and the county clerk testified that, based upon her 30-years experience as clerk, she estimated the cost of both the primary and general elections at $75,000. On December 23, 1968, final judgment was rendered for defendants and this appeal followed.

. It has been held that injunctive relief will be granted to prevent a waste of public funds by the holding of an election under an unconstitutional election statute. (*Moran v. Bowley,* 347 Ill. 148; *Niebling v. Town of Moline,* 8 Ill.2d 11.) It follows that any election called in violation of the constitution likewise may be restrained and an action for injunctive relief is a proper remedy.

The question posed is whether writs of election may be issued in the interim between the date of resignation and the effective date of the resignation where the primary and general elections are to be held after the latter date. The answer hinges in part on whether a resignation once tendered is

final. If it is not final until the effective date, there is no certainty that a vacancy in fact exists. This court has determined the issue in the following language: "However, public policy requires that there be certainty as to who are and who are not public officers. Otherwise, there is doubt and confusion which leads to needless litigation. Therefore, the resignation of an officer effective either forthwith or at a future date may not be withdrawn after such resignation is received by or filed with the officer authorized by law to fill such vacancy or to call an election for such purpose." (*People ex rel. Adamowski* v. *Kerner,* 19 Ill.2d 506, 512.) As heretofore noted, Paul Simon resigned on November 8, 1968, effective January 8, 1969, by due notice in writing to the Governor and upon receipt of the resignation by the Governor the resignation became irrevocable.

This is not a question of the right of the Governor to call an election, but rather it is whether he must wait until after the effective date of the resignation to do so. We are of the opinion that the resignation with finality created a vacancy within the meaning of the constitution and that the Governor properly issued the writs of election forthwith to the end that the vacancy be promptly filled.

We find no error in the judgment of the circuit court of Madison County and it is, accordingly, affirmed.

*Judgment affirmed.*