Strafford,
No. 5986.

ATTORNEY GENERAL *ex rel* JAMES C. CHAMBERLIN

*v.*

JOSEPH P. NADEAU

June 2, 1970.

*Sulloway, Hollis, Godfrey & Soden ( Mr. Franklin Hollis* orally ), for the plaintiff.

*Nixon, Christy & Tessier ( Mr. Robert Christy* orally ), for the defendant.

DUNCAN, J. By this petition for a writ of quo warranto brought by the Attorney General on relation of the chairman of the Board of Selectmen of Durham, the plaintiff seeks to determine the title of the defendant to the office of Justice of Durham District Court. RSA 502-A:1 ( XI ). Trial by the Court ( *Loughlin,* J. ). The court made certain findings of fact, and transferred to this court without ruling certain requests of the parties for rulings of law.

The defendant was nominated by the Governor to the office of Justice of Durham District Court at a meeting of the Governor and Council held on December 23, 1968. The appointment was confirmed by the Council at a meeting held on December 27, 1968. The terms of office of the Governor and Council then in office expired on January 1, 1969.

No question is raised concerning the authority and discretion of the Governor and Council to make the appointment, provided a vacancy in the office in question existed when nomination and confirmation took place. N.H. CONST. pt. 2, arts. 46, 62; RSA 502-A:3. *See Barry* v. *King,* 106 N.H. 279, 210 A.2d 161. If a vacancy did not then exist, the Governor and Council lacked authority to appoint in anticipation of a vacancy to occur after January 1. 1969. RSA 4:3. Whether or not the office of Justice of the Durham District Court was vacant on December 23 and thereafter to December 27, 1968, depends upon the legal effect of actions taken by the former justice of that court; and by the Governor and Council on and after December 14, 1968.

Under date of December 14, 1968, the incumbent justice, Bradford W. McIntire, tendered to the Governor of the State the following resignation: " In a few weeks I will have presided as

Justice of the Durham Court for 30 years, continuously. I think it is now time to retire. Therefore, I should like to submit my resignation effective Feb. 28, 1969. Meanwhile, my Special Justice Joseph E. Michael, Jr. will take over the Court. "

At a meeting of the Governor and Council held on December 16, 1968, the following action was recorded: " The Governor and Council accepted with regret the resignation of Bradford W. McIntire as Justice of the Durham District Court. " At a meeting of December 23, 1968, the record of the prior meeting was approved after amending it to read as follows: " The Governor and Council accepted the resignation of Bradford W. McIntire as Justice of the Durham District Court, effective forthwith. " The defendant was nominated to the office of justice at the meeting of December 23, 1968.

In addition to finding facts heretofore stated, the trial court found that the former justice was " quite ill, during December 1968 " and underwent surgery, that the " last time he sat as justice . . . was either December 6 or 7, 1968 " and that he " had no intent to sit again . . . after December 7, 1968 " The court also made the following requested findings, among others: " At no time between December 14, 1968, and January 1, 1969, did Bradford W. McIntire discuss his resignation with the Governor or any member of the Council or seek to amend it either orally or in writing . . . . Joseph P. Nadeau has assumed the office of and is performing the duties of Justice of the Durham District Court . . . . On December 28, 1968, Bradford W. McIntire wrote to Joseph P. Nadeau referring to himself as the Ex-Presiding Justice and congratulating . . . Nadeau on his appointment and making some suggestions to him . . . . McIntire intended to terminate all administrative supervision and duties over the Durham District Court as of December 13, 1968; it was the intent of Bradford W. McIntire that meanwhile the duties would be taken over by the Special Justice, Joseph E. Michael. "

The court further found that McIntire made no objection to the Governor and Council concerning their action following receipt of his resignation, and that " on December 23, 1968 the Governor and Council made a factual determination that Bradford W. McIntire by his letter and actions had resigned his office as Justice of the Durham District Court. "

By the weight of authority a resignation from a public office

requires an acceptance by the appointing authority, and is not effective until accepted. *Attorney - General* v. *Marston,* 66 N.H. 485, 22 A. 560; *Warner* v. *Selectmen,* 326 Mass. 435, 95 N.E.2d 180; *State ex rel Royse* v. *Super. Ct.,* 46 Wash. 616, 621, 91 P. 4, 6. *See* Annot., 82 A.L.R.2d 750, 752, 755.

The resignation of Justice McIntire was properly submitted to the Governor, as the appointing authority, and the Governor and Council were competent to accept it. The finding of the trial court that on December 23, 1968 the Governor and Council determined as a fact that Justice McIntire "had resigned his office" is supported by the record, and could reasonably be made upon the evidence.

In view of their responsibility for seeing that the office in question did not remain vacant ( *see Attorney General* v. *Taggart,* 66 N.H. 362, 366, 29 A. 1027, 1029; *Allen* v. *Powell,* 42 Ill. 2d 66, 244 N.E.2d 596 ), we are of the opinion that the Governor and Council acted properly in determining whether or not the resignation was effective upon acceptance, or was conditioned upon becoming effective on February 28, 1969. *State ex rel Carson* v. *Harrison,* 113 Ind. 434, 438, 16 N.E. 384, 385. Article 37, part I of the Constitution does not insulate their determination from judicial review, since the issue of whether a vacancy existed is a judicial question. *Attorney General* v. *Taggart, supra; State ex rel Carson* v. *Harrison, supra.*

Decision of the question depends upon interpretation of the intention of the former justice, as manifested by his letter of December 14 and his subsequent action relative thereto. See *Johnston* v. *Wilson,* 2 N.H. 202, 204. The letter of resignation stated in part: " I think it is *now* time to retire. " ( Italics supplied ). In a somewhat precatory vein, it continued: ". . . I *should like* to submit my resignation effective February 28, 1969. " ( Italics supplied ). It also indicated that the writer would not thereafter sit as justice. The Governor and Council decided that the resignation was effective forthwith, and there is no evidence that anything occurred between December 14 and December 27 to indicate that the intention of the resigning justice was misconstrued. Accordingly we hold that the office became vacant on December 16, 1968.

The procedure in the pending action is questioned on the ground that the Attorney General did not participate personally in the

hearing. No useful purpose would be served by reviewing the history of the ancient writ of quo warranto, or its peculiar status as a remedy by which rights of the public may be protected. *See Meehan* v. *Bachelder,* 73 N.H. 113, 59 A. 620; *Osgood* v. *Jones,* 60 N.H. 543; *State* v. *Elwell,* 156 Me. 193, 163 A.2d 342. Traditionally, such a petition must be brought by the Attorney General, who is authorized to control the proceedings, whether brought upon the relation of one claiming a private interest in title to an office, or upon the relation of an interested citizen acting to enforce the public right. *See* 74 C.J.S. Quo Warranto *ss.* 18, 27, *pp.* 203, 220. We must presume that in the exercise of his discretion the Attorney General properly authorized the petition brought in his name; and counsel for the relator, who prosecuted the action, has not been shown to have exceeded the authority delegated by the Attorney General. *See St. Regis Co.* v. *Board,* 92 N.H. 164, 168, 26 A.2d 832, 836; *Cleaver* v. *Roberts,* 203 A.2d 63 ( Del. 1964 ); *State* v. *Clarendon Ind. Sch. Dist.,* 156 Tex. 542, 298 S.W. 2d 111, 118. Thus the case should not turn upon any technical rule of procedure.

We conclude that the petition presented a justiciable issue adequately tried on its merits, and find no legal ground to invalidate the defendant's appointment to the office of justice. The order is

*Petition dismissed.*

KENISON, C.J., did not participate in the consideration or decision of this case; GRIMES, J., did not sit; the others concurred.