Louis S. Cole *et al.*, Plaintiffs-Appellants, *v.* Helen F. McGillicuddy *et al.*, Defendants-Appellees.

(No. 60221;

First District (5th Division)—July 26, 1974.

Arthur Rosenblum and Harry G. Fins, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Michael Kreloff, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This appeal arises from an order overruling objections to the nomination papers of Charles Durham, a candidate for nomination to the office of judge of the circuit court of Cook County, Illinois.

On December 10, 1973, Judge Sigmund J. Stefanowicz of Cook County sent a letter of resignation to Chief Judge John S. Boyle of the circuit court of Cook County. On December 11, 1973, Judge Boyle forwarded

a copy of the resignation letter to the Administrative Office of the Illinois Courts. Also, on December 11, 1973, Judge Stefanowicz sent a letter to the Supreme Court of Illinois, stating that he wished to resign as a judge of the circuit court "effective December 16, 1973." This letter was received by Chief Justice Robert C. Underwood of the Illinois Supreme Court and acknowledged on December 13, 1973.

On December 14, 1973, Charles Durham, a candidate for nomination in the March 19, 1974, Democratic Party primary election to fill the vacancy caused by Judge Stefanowicz's retirement, filed nomination papers with the State Board of Elections. Included in these papers were a statement of candidacy, executed on December 12, 1973, a non-communist affidavit, executed on December 12, 1973, and 124 pages of petitions containing sufficient names for nomination on sheets executed on December 10, 11, 12 and 13.

Subsequently, pursuant to election code procedures, plaintiffs, legal voters of Cook County, filed objections to candidate Durham's nomination papers. Specifically, plaintiffs contended that candidate Durham circulated, executed and filed his nomination papers prior to the resignation of Judge Stefanowicz. Plaintiffs argued that circulating, executing and filing nomination papers for an office which was not at that time vacant nullified the filing of the nomination papers.

Pursuant to the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 10—9 (3)), objections to the nomination papers were heard by the County Officers Electoral Board of Cook County. Plaintiffs' objections were overruled on the basis that they were insufficient in law and in fact.

In accordance with section 10—10.1 of the Illinois Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 10—10.1), plaintiffs sought judicial review of the County Electoral Board's decision in the circuit court of Cook County.

The circuit court sustained the decision of the County Officers Electoral Board, and this appeal followed.

OPINION

On appeal, plaintiffs argue that the nominating petitions, statement of candidacy, and oath executed on behalf of Charles J. Durham were nullities because they were executed and filed prior to the existence of a vacancy in the Stefanowicz judgeship. We cannot accept this contention.

■■ The first issue raised is whether the Stefanowicz vacancy existed prior to the "effective date" of Judge Stefanowicz's resignation (December 16, 1973). Illinois law is clear on this point. A resignation once tendered is final and becomes effective when it is received by, or filed with the officer authorized by law to fill the vacancy. If a resignation

were not final until the effective date, there would be no certainty that a vacancy in fact existed. (*Allen v. Powell*, 42 Ill.2d 66, 244 N.E.2d 596.) Public policy clearly requires that there be certainty as to who are and who are not public officers. (*People ex rel. Adamowski v. Kerner*, 19 Ill.2d 506, 167 N.E.2d 555.) For this reason we hold that a resignation which becomes effective at a later date creates a vacancy in that office when received. In the instant case, it appears that the Stefanowicz resignation was sent to Chief Justice Underwood on December 11, 1973. The resignation was received somewhere between December 11, 1973, and December 13, 1973. Since the nomination papers of Charles Durham were filed on December 14, 1973, they were properly filed after notice of resignation was received by the Illinois Supreme Court, and after the Stefanowicz vacancy became effective.

■■ In regard to the nominating petitions circulated by Durham prior to receipt by the Illinois Supreme Court of the Stefanowicz resignation, we hold that the petitions were valid. Appellants have cited no authority to support their contention that since the office was not vacant until a certain date, nominating petitions may not be circulated until after that date has passed. Nowhere in the statutes is a candidate prohibited from circulating nominating petitions until the office sought is actually vacated.

We hold that the requirements of nomination papers for judicial office as set out in the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 7—10) were complied with by candidate Durham. He properly described the office sought, specifying the particular vacancy for which he was a candidate. The law requires nothing more than compliance with the statute.

For the reasons stated above, we affirm the order of the circuit court of Cook County which affirmed the overruling of plaintiffs' objections by the Electorial Board.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.